**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

XLINK RESOURCE GROUP, LLC,

Plaintiff,

v. Action Nos. 2:25mc19
2:25mc20
2:25mc21

EXPO PETROLEUM OIL AND GAS
USA, LLC, *et al.*,

Defendants.

## MEMORANDUM OPINION & ORDER

Plaintiff/Judgment Creditor Xlink Resource Group, LLC ("plaintiff"), moves to compel responses to its post-judgment discovery requests to Judgment Debtors, Archer Energy Corporation, Archer Tactical Group, and David Tollaksen (collectively "defendants"). ECF No. 23 (2:25mc19); ECF No. 24 (2:25mc20); ECF No. 22 (2:25mc21). For the reasons discussed below, the motions to compel are **GRANTED**.

## BACKGROUND

On April 2, 2025, the United States District Court for the Eastern District of Texas entered a final judgment against defendants in plaintiff's favor for $2,315,597.10, along with pre- and post-judgment interest. ECF No. 1-4 (2:25mc19); ECF No. 1-4 (2:25mc20); ECF No. 1-4 (2:25mc21). On June 3, 2025, plaintiff registered that judgment against defendants in this district to facilitate plaintiff's efforts to execute thereon. ECF Nos. 1, 1-1 (2:25mc19); ECF Nos. 1, 1-1 (2:25mc20); ECF Nos. 1, 1-1 (2:25mc21). On September 26, 2025, plaintiff initiated service of post-judgment discovery requests (interrogatories and requests for production of documents) upon defendants.

*See* ECF Nos. 10-1, 10-2 (2:25mc 19); ECF Nos. 10-1, 10-2 (2:25mc20); ECF Nos. 10-1, 10-2 (2:25mc21). Affidavits of service reflect that plaintiff effected service of the interrogatories on September 27, 2025, and requests for production on October 6, 2025. ECF No. 10-3, at 2–3 (2:25mc19); ECF No. 10-3, at 2–3 (2:25mc20); ECF No. 10-3, at 2–3 (2:25mc21).

On October 24, 2025, defendants filed a motion to set aside the default judgment previously entered against them in the Eastern District of Texas. In response to that filing, the parties in the matters pending before this Court filed a stipulation on December 22, 2025, along with a proposed order to temporarily stay the requested discovery pending a ruling on defendants' motion to set aside the default judgment. ECF No. 7 (2:25mc19); ECF No. 7 (2:25mc20); ECF No. 7 (2:25mc21). On December 31, 2025, the Court approved the parties' stipulation for good cause shown. ECF No. 8 (2:25mc19); ECF No. 8 (2:25mc20); ECF No. 8 (2:25mc21). The Court also entered an order staying party discovery (but not preventing plaintiff from pursuing discovery from third parties) "until the Defendant[s'] Motion to Set Aside Default Judgment is ruled upon." *Id.* Further, and consistent with the parties' stipulation, the Court ordered defendants "to provide good faith responses to Plaintiff's outstanding Interrogatories and Requests [for Production of Documents] within 14 days of any denial of the Defendant[s'] motion." *Id.*

On February 5, 2026, the United States District Court for the Eastern District of Texas denied defendants' motion to set aside the default judgment. ECF No. 10-4 (2:25mc19); ECF No. 10-4 (2:25mc20); ECF No. 10-4 (2:25mc21). Defendants thereafter failed to respond to plaintiff's discovery requests as agreed and required by the Court's December 31, 2025 orders. After the completion of briefing on plaintiff's motions to compel, ECF No. 9 (2:25mc19); ECF No. 9 (2:25mc20); ECF No. 9 (2:25mc21), by order dated May 7, 2026 the Court directed defendants to

respond to the propounded discovery by May 25, 2026, ECF No. 16 (2:25mc19); ECF No. 17 (2:25mc20); ECF No. 15 (2:25mc21). That, however, did not occur.

Instead, plaintiff and defendants began negotiating to resolve the ongoing dispute and by joint motion sought two extensions of time for defendants' discovery responses, eventually reporting that they had reached a settlement and were planning to dismiss the matters with prejudice after the parties completed their performance obligations. ECF Nos. 19, 21 (2:25mc19); ECF Nos. 20, 22 (2:25mc20); ECF Nos. 18, 20 (2:25mc21). The Court granted the motions and extended the time for defendants to serve discovery responses to July 6, 2026. ECF Nos. 20, 22 (2:25mc19); ECF Nos. 21, 23 (2:25mc20); ECF Nos. 19, 21 (2:25mc21).

The settlement agreement, however, failed to bear fruit. Instead, on July 7, 2026, plaintiff again filed motions to compel defendants to respond to the outstanding discovery requests. ECF No. 23 (2:25mc19); ECF No. 24 (2:25mc20); ECF No. 22 (2:25mc21). In the memoranda supporting those motions, plaintiff advised that despite the parties' June 22, 2026 settlement agreement, defendants collectively failed to make good on their contractual obligations to pay plaintiff by June 29, 2026, as well as to serve responses to plaintiff's discovery requests by July 6, 2026. ECF No. 24, at 1–2 (2:25mc19); ECF No. 25, at 1–2 (2:25mc20); ECF No. 23, at 1–2 (2:25mc21). As relief, plaintiff seeks an order granting its renewed motions to compel and an award of costs and fees associated with filing "its multiple Motions to Compel and Extensions of Time." ECF No. 24, at 7 (2:25mc19); ECF No. 25, at 7–8 (2:25mc20); ECF No. 23, at 8 (2:25mc21).

In response, defendants acknowledge that they failed to pay the sums agreed as part of the settlement and assert, if they pay out of time, that "would still moot Xlink's pending post-judgment discovery requests." ECF No. 25, at 1–2 (2:25mc19); ECF No. 26, at 1–2 (2:25mc20); ECF No.

24, at 1–2 (2:25mc21). Defendants, however, do not contest that they have neither paid any sums due, nor responded to the discovery. *Id.* Further, defendants assert that, to the extent plaintiff seeks recovery of fees and costs, the Court should not reconsider its earlier decision not to award the same in conjunction with the first round of the motions to compel and should not award any fees and costs associated with filing requests for extensions of time. *Id.* at 2.

In reply, plaintiff argues that the Court did not decline to award fees and costs in ruling on the first round of the motions to compel and that the issue "remains under consideration by the Court." ECF No. 26, at 1–2 (25mc19); ECF No. 27, at 1–2 (2:25mc20); ECF No. 25, at 1–2 (2:25mc21). Plaintiff further argues that the flagrant nature of the defendants' misconduct and bad faith warrants the imposition an award of fees and costs pursuant to Rule 37(a) and (b)(2)(C) of the Federal Rules of Civil Procedure. *Id.* at 2–3.

## DISCUSSION

Rule 69(a)(2) of the Federal Rules of Civil Procedure permits judgment creditors to "obtain discovery from any person—including the judgment debtor," for use "[i]n aid of the judgment or execution." Fed. R. Civ. P. 69(a)(2); *see E.I. DuPont de Nemours & Co. v. Kolon Indus., Inc.*, 286 F.R.D. 288, 291 (E.D. Va. 2012) (noting that "judgment creditor[s have] wide latitude in conducting post-judgment discovery"). When a judgment debtor resists discovery of evidence relevant to enforcing a judgment, a court is authorized to compel the production "of post-verdict information '[i]n aid of the judgment or execution' of that judgment." *Id.*; *see CarMax Auto Superstores, Inc. v. Sibley*, No. 3:16cv611, 2018 WL 5809410, at *4 (E.D. Va. Feb. 15, 2018) (noting a debtor's obligation to "produce all information 'reasonably calculated to lead to the discovery of admissible evidence' relevant to enforcement of the judgment"); *see also* Fed. R. Civ. P. 37(a)(3).

Both above and in its prior May 7, 2026 orders granting the first round of the motions to compel, ECF No. 16 (2:25mc19); ECF No. 17 (2:25mc20); ECF No. 15 (2:25mc21), the Court recited the pertinent history of these matters and no need exists to do so again. Despite the diversion resulting from the parties' settlement efforts, the posture of these matters is effectively unchanged. Plaintiff served interrogatories and requests for production upon the defendants. The defendants waived the right to object thereto. *Id.* at 5. The extended July 6, 2026 deadline for responses has passed and defendants failed to respond and offer no excuses for failing to do so. Accordingly, the Court **GRANTS** plaintiff's second round of motions to compel and **ORDERS** defendants to respond to plaintiff's discovery requests **by September 18, 2026.**

Given the history of these matters, which involve an effort to obtain discovery in aid of collecting on default judgments against the defendants in another court, the apparent wasting of plaintiff's and the Court's time over the roughly 15 months from the date of filing, the apparent lack of justification for the same, and the apparent absence of other circumstances that would make an award of fees and costs unjust, the Court will permit plaintiff to file a motion for monetary sanctions and to seek an award fees and costs. *See* Fed. R. Civ. P. 37(a)(5)(A), (b)(2)(C). Any such motion, however, shall be limited to the briefing associated with the second round of plaintiff's motions to compel, along with any fee application. The Court did not award fees and costs associated with the first round of plaintiff's motions to compel and no objections were lodged thereto. *See* ECF No. 16 (2:25mc19); ECF No. 17 (2:25mc20); ECF No. 15 (2:25mc21). Nor will the Court award fees and costs associated with any motions to extend the time for responding to plaintiff's discovery, as doing so conflicts with the goal of encouraging parties to work together to resolve disputes and will likely further waste the Court's time in assessing the parties' (and possibly their attorneys') motives in the course of such negotiations.

## CONCLUSION

Accordingly, it is hereby **ORDERED** that:

(1) Plaintiff's second motions to compel, ECF No. 23 (2:25mc19); ECF No. 24 (2:25mc20); ECF No. 22 (2:25mc21), are **GRANTED**;

(2) Defendants shall respond to plaintiff's outstanding discovery requests by **September 18, 2026**;

(3) Plaintiff shall file any motion for monetary sanctions seeking fees and costs in briefing the second motions to compel, and any accompanying fee application, by **September 25, 2026**. Plaintiff shall include therewith supporting documents including billing records and summaries of the same, and affidavits (including affidavits from local attorneys pertaining to, among other things, whether the fees sought align with the rates prevailing in the community for similar services by lawyers of comparable skill, etc.), and a legal memorandum addressing issues as to entitlement to such fees and costs. To the extent appropriate, counsel should address factors enumerated in *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243–44 (4th Cir. 2009), to explain the reasonableness of the request for fees and costs;

(4) Defendants shall file a response to the motion for sanctions and application for fees and costs, addressing as appropriate the *Robinson* factors and including any supporting cases, documents, and affidavits by **October 9, 2026**; and

(5) Plaintiff shall file any reply to the response by **October 16, 2026**.

The Clerk shall forward a copy of this order to all counsel of record.

Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
September 8, 2026